# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GREG KOON,

      *Plaintiff*,

vs.

      Case No. 08-1123-EFM

SEDGWICK COUNTY, KANSAS,

      *Defendant.*

## MEMORANDUM AND ORDER

Presently before the Court is Plaintiff David Koon's Motion to Remand. For the following reasons, the Court DENIES the motion.

### I. Background

On April 3, 2008, Defendant Sedgwick County, Kansas, was served with Plaintiff's Petition in the above captioned case. Plaintiff initially brought his action in Sedgwick County District Court. On May 1, 2008, Defendant filed the required pleadings to remove this action to the United States District Court for the District of Kansas.

Defendant's basis for removal was Plaintiff's allegation in his Petition that Defendants violated Title VII of the Civil Rights Act of 1964 along with a claim for damages under 42 U.S.C. § 1988. This Court then exercised supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

On December 22, 2008, Plaintiff filed this Motion to Remand now at issue. In support of this Motion, Plaintiff has cited his interrogatory responses wherein he denied bringing federal claims and stated he is only bringing state claims. Plaintiff has not dismissed or amended any of the alleged federal claims in his original Petition.

## II. Standard of Review

A civil action filed in state court is only removable if the action could have originally been brought in federal court.[1] The Court must remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[2]

The party requesting removal has the burden to establish the federal court's jurisdiction.[3] "Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction."[4] The rule is inflexible and without exception, and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record.[5] If there are any doubts regarding the federal court's jurisdiction, the court must resolve these doubts in favor of remand.[6]

---

[1] 28 U.S.C. § 1441(a).

[2] 28 U.S.C. § 1447(c).

[3] *Wolf Creek Nuclear Operating Corp. v. Framatome Anp, Inc.*, 416 F.Supp.2d 1081, 1084-85 (D. Kan. 2006).

[4] *Turner v. Lester*, 2008 WL 2783544, *2 (D. Kan. 2008).

[5] *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

[6] *Thurkill v. The Menninger Clinic, Inc.*, 72 F.Supp.2d 1232, 1234 (D. Kan. 1999).

### III. Analysis

Plaintiff alleges that the case should be remanded because, in interrogatories, Plaintiff denies bringing a federal claim. However, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[7]  Currently, Plaintiff's Petition alleges that Defendant violated Title VII of the Civil Rights Act of 1964, and moreover, Plaintiff claims damages under 42 U.S.C. § 1988.  Because the plaintiff is the master of the claim, "he or she may avoid federal jurisdiction by exclusive reliance on state law."[8]  Although Plaintiff suggests in his discovery responses that he is not bringing any federal claims, but instead, is only seeking remedy under the Kansas "whistle-blowing" aspects of common law, his Complaint indicates the opposite.  Plaintiff's Complaint alleges federal claims, and accordingly, the Court finds that federal jurisdiction exists in this case.  Because this Court has subject matter jurisdiction under 28 U.S.C. § 1331, remand to state court is inappropriate.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 20) is hereby DENIED.

**IT IS SO ORDERED.**

Dated this 8th day of June, 2009, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[7] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); (See *Gully v. First National Bank*, 299 U.S. 109, 112-113 (1936).

[8] *Id.*